# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| In Re the Estate of KEYLAN BRETT HILL, et al., | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) No. 07-921-CV-W-FJG |
| RAY COUNTY JAIL, et al., | )<br>)<br>) |
| Defendants. | ) |

## ORDER

Currently pending before the Court are two motions to dismiss filed by defendants Charles Rose, John Scowley and the Rural Correctional Health Services, L.L.C. (Docs. # 70, 74).

### I. BACKGROUND

Plaintiff/decedent Keylan Brett Hill was a pretrial detainee who was housed at the Ray County Jail, pursuant to a contract between Ray County, Missouri and Wyandotte County, Kansas. Mr. Hill was transferred to the Ray County Jail on or about September 14, 2006. During the course of his stay at the Ray County jail, Mr. Hill became ill, suffered a high fever, chest and back pain, chills and difficulty breathing and speaking. He asked for assistance from the guards. Mr. Hill was prescribed Robitussin, Tylenol, Amoxicillin and anti-nausea medication. Despite his worsening condition, plaintiffs allege that Mr. Hill was not given anything more than these over-the- counter medications. Mr. Hill was transported to see Dr. Charles Rose in the days prior to his death. However, Dr. Rose did not admit Mr. Hill to the hospital and instead sent him back to the jail. Plaintiffs allege that in the days prior to his death, Mr. Hill was placed in

a medical detox room in order to reduce his temperature. On December 8, 2006, Mr. Hill died in the Ray County jail. An autopsy revealed that he died of acute hemorrhagic pneumonia.

This case was initially filed on December 11, 2007. In the initial Complaint, plaintiffs asserted claims under 42 U.S.C. § 1983 for violation of Mr. Hill's constitutional rights under the 8th and 14th Amendments as well as pendent state law claims for wrongful death, medical negligence, and negligent infliction of emotional distress.

Count II[1] of the Original Complaint is termed "Medical Negligence/Wrongful Death." Plaintiffs allege in Count II that Rural Correctional Health Services, LLC and Dr. Louis Robles were negligent in their care and treatment of Mr. Hill.

Count III of the Original Complaint is titled "Constitutional Violations." In this Count plaintiffs allege that defendant Samuel Clemens, Sheriff of Ray County and all Ray County Jail Corrections officers were acting within the course and scope of their employment with the Ray County Jail. Plaintiffs allege that "as County employees they acted under color of law to deprive Keylan Brett Hill of his constitutional rights to equal protection and due process of laws, to adequate medical care and to be free of cruel and unusual punishment." (Original Complaint ¶ 36).

Count IV of the Original Complaint is termed "Breach of Contract." Plaintiffs allege that there existed a contract by and between Ray County Jail and/or Ray County and the Wyandotte County, Kansas jail and/or Wyandotte County, providing that the Ray County jail would house certain persons from Wyandotte County, Kansas who were

---

[1]There was no Count I listed in the Original Complaint.

awaiting trial.  Plaintiffs assert that there also existed a contract among the defendants for Rural Correctional Health Services to provide medical staff and care for those who were housed at the jail.  Plaintiffs assert that Mr. Hill was a third-party beneficiary to each of these contracts and that the defendants breached the agreement to provide adequate medical care.

On May 15, 2009, the Court granted defendant Clemens' Motion to dismiss the Ray County Jail, as it is not a "person" within the meaning of 42 U.S.C. § 1983. In November 2009, plaintiffs settled the claims against defendant Samuel Clemens and/or Ray County, the Ray County Sheriff's office and all of its officers, agents, employees, officials, representatives, jailers and correction officers.  The Court held a settlement hearing on November 4, 2009 and approved the settlement as to those defendants only.  The settlement agreement stated that the settlement would not have any impact or effect on any claim plaintiffs have or in the future have against any other person or entity connected with or arising from the confinement of Mr. Hill.

On December 2, 2009, plaintiffs' counsel filed a Motion for Leave to File a First Amended Complaint, which sought to add Charles Rose, M.D. as an additional defendant.  On December 3, 2009, the Amended Complaint was filed.  The same language was included in the first paragraph, "Plaintiff asserts claims under 42 U.S.C. § 1983 for violations of Mr. Hill's constitutional rights under the 8th and 14th Amendments, as well as pendent common law claims for wrongful death, medical negligence and negligent infliction of emotional distress."   Count I of the Amended Complaint is labeled "Wrongful Death."  Plaintiffs assert in Count I that Dr. Louis Robles, Dr. Charles Rose, Dr. John Scowley and Rural Correctional Health Services, LLC were negligent in their

care and treatment of Mr. Hill and that they failed to properly diagnose and treat his condition, failed to sufficiently diagnose his pneumonia, prescribe medication for him and failed to admit him to a hospital.

Count II of the Amended Complaint is labeled "Breach of Contract" and asserts that same claims that were raised in the original complaint.

## II. STANDARD

28 U.S.C. § 1367(a) states in part:

in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(c) states:

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if -

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

## III. DISCUSSION

The defendants argue that there is no longer a basis for federal jurisdiction in the Amended Complaint and state that the Court should decline to exercise supplemental jurisdiction over the state law claims. In response, plaintiffs state that the Amended Complaint does assert a cause of action under 42 U.S.C. § 1983 and "at no time did Plaintiffs omit the medical providers Dr. Rose or Dr. Scowley from the Federal Causes

4

of Action asserted in this case." (Plaintiffs' Suggestions in Opposition to Motion to Dismiss, p. 2). Plaintiffs state that the Amended Complaint makes clear that all medical defendants are being sued for 42 U.S.C. § 1983 as well as for pendent state law claims for wrongful death, medical negligence and negligent infliction of emotional distress. Plaintiffs state that Dr. Scowley and Dr. Rose were acting under the color of law when they undertook for payment medical care and treatment of incarcerated inmates detained at the Ray County Jail and that their conduct deprived Mr. Hill of the right to life, right to a jury trial and the right to be free from cruel or unusual punishment.

In reply, defendants argue that plaintiffs have failed to provide anything that would support a cause of action under any of the federal statutes. Defendants state that because all of the claims on which original jurisdiction was based have been dismissed, and because the only claims left in the Amended Complaint are state law claims, the Court should decline to exercise supplemental jurisdiction and grant the motions to dismiss. In <u>Palmore v. City of Pacific</u>, No. 4:09CV1073SNLJ, 2010 WL 1221912 (E.D.Mo. Mar. 30, 2010), the Court stated:

> A federal district court has discretion to decline jurisdiction if it has 'dismissed all claims over which it has original jurisdiction.' 28 U.S.C. § 1367(c)(3). '[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims.' <u>Barstad v. Murray County</u>, 420 F.3d 880, 888 (8th Cir.2005) (quoting <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)).

<u>Id</u>. at *10.

In their initial Complaint, plaintiffs clearly labeled their Section 1983 claims: "Count III - Constitutional Violations." Plaintiffs asserted "Defendant Samuel Clemens,

5

Sheriff of Ray County and all Ray County Jail Corrections Officers were acting within the course and scope of their employment with Ray County Jail in Ray County, Missouri. As County employees they acted under color of law to deprive Keylan Brett Hill of his constitutional rights to equal protection and due process of laws, to adequate medical care and to be free of cruel and unusual punishment. As such, the defendants also acted in violation of clearly established law which reasonable persons in their positions would have known." (Plaintiffs' Original Complaint, ¶¶ 35-36). Conversely, in their Amended Complaint, Count I is labeled "Wrongful Death" and there are no allegations that the defendants were acting under color of law or that they violated Mr. Hill's Constitutional rights. In Brewer v. Bowman, No. 5:09CV00178 JLH-JJV, 2009 WL 3295097, (E.D.Ark. Oct. 13, 2009), the Court stated:

> Title 42 of the United States Code, § 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws of the United States. . . . Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere. . . .In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.

Id. at *3 (internal citations and quotations omitted). The Court in Brewer noted that if the Court were to find that the defendants were not state actors, then the claims "have no constitutional implication and he has alleged only malpractice claims against the medical personnel and their employer. In that case, there is no original federal court jurisdiction for this Court to consider what would be state-law tort claims." Id.

In the instant case, the Court finds that plaintiffs have not alleged a Section 1983

6

claim against the defendants.  No where in the Amended Complaint have plaintiffs asserted that defendants were state actors or acting under the color of state law.  Additionally, plaintiffs have also failed to allege that the defendants violated any rights secured by the Constitution or the laws of the United States.  At most, plaintiffs have asserted state tort claims against the defendants.

Having determined that the Amended Complaint contains no federal claims, the Court must determine whether it should retain jurisdiction over the state law claims.  As noted above, the considerations which the Court must examine include: judicial economy, convenience, fairness and comity.  Palmore, 2010 WL 1221912 at *10.  The Court does not find that there would be any judicial economy in retaining this case because no significant judicial resources have been expended on this case.  The parties have conducted some discovery, but the Court has not ruled on any dispositive motions.  It would not be any less convenient for the parties to try this case in state court than in federal court.  The Court also does not find that there are any fairness or comity issues that would necessitate retaining jurisdiction.  In Murdock v. YMCA St. Paul, No. 09-3679 (MJD/JJG), 2010 WL 2545662, (D.Minn. Apr. 14, 2010), the Court stated, "[i]n this case, (as in most cases), a federal district court would not be the most suitable forum for adjudicating state law claims." Id. at *4.

### IV.  CONCLUSION

This court agrees and finds that because the federal claims in the original Complaint have now been dismissed and settled and because plaintiffs have not stated any federal claims in the Amended Complaint, this Court will decline to exercise supplemental jurisdiction and hereby **GRANTS** defendant Rose, Scowley and Rural

Correctional Health Services LLC's Motions to Dismiss (Docs. # 70 and 74). Plaintiffs First Amended Complaint is hereby **DISMISSED WITHOUT PREJUDICE**.

Date: 8/5/2010　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　Chief United States District Judge